**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TRACEY A. LATTA,

        *Plaintiff*,

  v.

BRUCE S. LUCKMAN, ESQ., KRISTOFER B. CHIESA, ESQ., AND LAW FIRM OF SHERMAN SILVERSTEIN,

        *Defendants*.

Civil Action No. 21-17236

**OPINION**

**John Michael Vazquez, U.S.D.J.**

      This action concerns claims of fraud and discrimination stemming from Defendants' representation of a client in a tax sale foreclosure action against Plaintiff. Currently pending before the Court is a motion by Defendants Bruce S. Luckman, Kristofer B. Chiesa, and the Law Firm of Sherman Silverstein (collectively "Defendants") to dismiss Plaintiff's Amended Complaint ("FAC"). D.E. 22. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, the Court will dismiss Plaintiff's federal claims with prejudice and decline to exercise supplemental jurisdiction over Plaintiff's state claims.

---

[1] Plaintiff's Amended Complaint, D.E. 3, will be referred to as "FAC," Defendants' corrected brief in support of its motion to dismiss, D.E. 23, will be referred to as "Def. Br.," Plaintiff's certification in objection to Defendants' motion, D.E. 28, will be referred to as "Plf. Obj.," and Defendants' reply brief, D.E. 30, will be referred to as "Def. Reply."

I. **FACTUAL BACKGROUND[2] & PROCEDURAL HISTORY**

Plaintiff Tracey A. Latta's claims stem from Defendants' representation of TLF National Tax Lien Trust ("TLF") in a tax sale foreclosure action ("Underlying Action")[3] against Plaintiff. *See* FAC ¶¶ 13, 17. Judge Koprowski presided over the Underlying Action, which was filed on October 9, 2018, in the Superior Court of New Jersey, Chancery Division in Essex County. Ex. A, Underlying Complaint (D.E. 22-3).[4] Latta proceeded *pro se* and filed an answer with defenses and counterclaims, asserting that TLF lacked standing, obtained a fraudulent assignment, and lacked proof of ownership. Ex. B, Latta Answer at 5–24 (D.E. 22-4). TLF moved to strike Latta's answer and counterclaims and requested that the Underlying Action be returned to the Office of Foreclosure to proceed as uncontested. Ex. C, TLF Notice of Mot. to Strike (D.E. 22-5), Ex. D, TLF Proposed Order (D.E. 22-6). Latta opposed this motion, again arguing that there was no valid assignment and that TLF lacked ownership and standing. Ex. E, Latta Opp. (D.E. 22-7). On September 20, 2019, Judge Koprowski ordered that the matter be returned to the Office of Foreclosure to proceed as uncontested. FAC ¶ 13, Ex. O, 9/20/19 Koprowski Order (D.E. 22-17). Attached to the September 20, 2019 order ("Order") is four pages of "Reasons," which conclude

---

[2] The factual background is taken from Plaintiff's FAC, D.E. 3, as well as the exhibits attached to Defendants' Brief, D.E. 22-3–D.E. 22-30, which consist of court filings. When reviewing a motion to dismiss for failure to state a claim, a court accepts as true all well-pleaded facts in the Complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). A court may also consider any document integral to or relied upon in the Complaint and take judicial notice of matters of public record, such as court orders and docket entries. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997); *Khan v. Borough of Englewood Cliffs*, No. 12-7837, 2014 WL 295069, at *3 (D.N.J. Jan. 27, 2014) (citation omitted).

[3] *TLF National Tax Lien Trust 2017-1 v. Tracey Latta, et al.*, No. F-020418-18, brought in Superior Court of New Jersey, Chancery Division, Essex County.

[4] When citing to Defendants' exhibits to its Brief, D.E. 22-3–D.E. 22-30, the Court uses the exhibit letters applied by Defendants (Exhibits A through BB), page numbers as applied by this Court's ECF system, and paragraph numbers where applicable.

that TLF had a valid assignment of the tax sale certificate and that there was no evidence that the certificate was procured by fraud. Ex. O, 9/20/19 Koprowski Order (D.E. 22-17). Latta alleges that Defendants falsified the Order and its reasoning on behalf of their client, TLF. *See, e.g.*, FAC ¶¶ 13, 17. This allegation has been raised by Latta numerous times in the Underlying Action and related and parallel proceedings, including in her direct appeal and in a bankruptcy filing.

Latta first alleged that the Order was fraudulent in a letter opposing TLF's motion for entry of default in the Underlying Action. *See* Ex. R, 10/16/19 Latta Opp. Ltr. at 1–2 (D.E. 22-20). The letter asserted that Defendants "tampered" with Judge Koprowski's Order, D.E. 22-17, by "re-fil[ing] the Order from his office's portal, [and] attaching the four (4) page reasoning." *See* Ex. R, 10/16/19 Latta Opp. Ltr. at 1–2 ¶¶ 6, 7 (D.E. 22-20). The purported basis for this allegation was that the "four page ['reasons'] document is not referred to in Judge Koprowski's Order as an Addendum, nor is it signed by the Judge, as being a part of the Order." *Id.* at 1 ¶ 6. The letter also alleged that TLF lacked standing and had an invalid tax sale certificate. *Id.* at 1 ¶ 5. On October 11, 2019, Judge Koprowski issued an order for entry of default. Ex. Q, Order Entering Default (D.E. 22-19). Because Latta's letter was dated October 8, 2019, but not docketed until October 16, 2019, 5 days after the order for entry of default was entered, it does not appear that Judge Koprowski considered Plaintiff's arguments in deciding the motion.

Latta then raised the arguments again after TLF filed its motion for entry of order to fix the amount, time, and place for redemption of the tax sale certificate ("Motion to Fix"). Ex. Y, Mot. To Fix (D.E. 22-27). In Latta's opposition certification, she asserted that the Order was falsified and that this amounted to perjury and fraud. Ex. Z, Opp. Cert. at 2-8 (D.E. 22-28). Latta also filed a letter to Judge Koprowski on May 10, 2021, asserting that TLF's action of falsifying the Order was unlawful. Ex. AA, 5/10/21 Ltr. to Koprowski (D.E. 22-29). On May 14, 2021, Judge Alper

3

of the Chancery Division granted TLF's Motion to Fix.  Ex. BB, 5/14/21 Alper Order (D.E. 22-30).

Latta also raised the same arguments in her related Chapter 13 bankruptcy proceeding ("Bankruptcy Action").[5]  On June 22, 2020, Latta moved to dismiss TLF's proof of claim, challenging TLF's standing and the validity of its assignment and ownership.  Ex. S, MTD Proof of Claim at 5–7, ¶¶ 9, 12, 13 (D.E. 22-21).  Plaintiff also asserted that "the four (4) page reasoning attached to Judge Koprowski's September 2019 Order . . . was prepared and filed by [Luckman] . . . and he is now using it in this Objection fraudulently." Ex. U, Latta Reply at 2 ¶ 7 (D.E. 22-23); Ex. T, TLF Opp. to MTD (D.E. 22-22).  She argued that the "[d]ocket has not acknowledged this document as 'submitted by the court." Ex. U, Latta Reply at 2 ¶ 7 (D.E. 22-23).  In response, TLF filed a Certification on behalf of Bruce Luckman, stating that "I understand that [Latta] has claimed that I somehow filed an order and statement of reasons with the Superior Court on September 20, 2019," "[t]his claim is false," and "[t]he order and statement of reasons were uploaded to the Superior Court's Ecourt system by Court staff." Ex. V, Luckman Certification at 1 ¶ 2 (D.E. 22-24).  On November 23, 2020, United States Bankruptcy Judge Gambardella denied Latta's motion to dismiss TLF's proof of claim.  Ex. W, 11/23/20 Gambardella Order (D.E. 22-25).

Latta also raised the same arguments again in her appeal of the Underlying Action ("Underlying Appeal").[6]  On July 13, 2020, Latta moved to strike TLF's appeal brief and appendix on the grounds that TLF lacked standing and a valid assignment and ownership, and that Luckman fraudulently prepared and filed the Order and accompanying reasons.  *See* Ex. V, 7/13/20 Cert.

---

[5] *In re: Tracey A. Latta*, No. 19-29656, brought in United States Bankruptcy Court, District of New Jersey.

[6] *TLF v. Latta*, No. A-000933-19T2, brought in the Superior Court of New Jersey, Appellate Division.

ISO Mot. to Strike at 13 ¶¶ 4, 5; 18–19 ¶¶ 24, 26, 29 (D.E. 22-24).  Plaintiff also asserted that Luckman's actions amounted to perjury and fraud, *see generally id.* at 12–21, and claimed that "Judge Koprowski's chambers did not type, nor did he sign the bogus and fraudulent document," and that it had not "been printed on the Superior Court's letterhead, or mentioned in the original Order as an attachment," and "**has not** been approved for publication by the Superior Court, to use as reference or evidence in **ANY** case." *Id.* at 13 ¶ 4 (emphasis in original), 16 ¶ 13.  TLF responded that the claims had "absolutely no basis in law or in fact," and that an inquiry to the court would confirm that Judge Koprowski authored the memorandum that accompanied the Order.  Ex. V, 7/22/20 TLF Opp. Ltr. at 33–35 (D.E. 22-24).  On July 31, 2020, Judge Rothstadt of the New Jersey Superior Court Appellate Division denied Latta's motion to strike the appeal brief.  Ex. V, 7/31/20 Rothstadt Order at 42 (D.E. 22-24).

Latta filed the Complaint in the instant matter on September 20, 2021, and an Amended Complaint on November 20, 2021. *See* Compl.; FAC.  The FAC alleges that "[D]efendants Chiesa and Luckman of the Sherman Silverstein law firm" falsified the Order and that "[D]efendants committed fraud by falsifying a Court Order" on behalf of their client, TLF.  FAC ¶¶ 13, 17.  Latta also alleges that Defendants discriminated and retaliated against her by threatening to sue her if she did not withdraw her counterclaims and defenses in the Underlying Action and her appeal of the Underlying Action.  *See, e.g*, FAC ¶¶ 5, 20, 26, 31, 35.  As part of Latta's purported antitrust, fraudulent concealment, and "Rule 23" claims, Plaintiff asserts that Defendants committed fraud by falsifying the Order because TLF lacked standing and did not have a valid assignment or ownership of the tax sale certificate.  FAC ¶¶ 43-44.  The instant motion to dismiss followed.

5

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1)

In deciding a Rule 12(b)(1) motion for lack of subject-matter jurisdiction, a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed. A facial attack "contests the sufficiency of the complaint because of a defect on its face," whereas a factual attack "asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites." *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015) (quoting *Moore v. Angie's List, Inc.*, 118 F. Supp. 3d 802, 806 (E.D. PA. 2015)). When a party moves to dismiss prior to answering the complaint, as is the case here, the motion is generally considered a facial attack. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). For a facial attack, "the Court must consider the allegations of the complaint as true," much like a Rule 12(b)(6) motion to dismiss. *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)). The burden is on the plaintiff to prove the Court has jurisdiction. *Id.* (citing *Petruska*, 462 F.3d at 302).

### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss when a complaint fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain enough factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) (citation omitted). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).[7]

### III.  ANALYSIS

The FAC first asserts that Defendants violated the False Claims Act by falsifying the Order and entering it on the docket in the Underlying Action, *see* FAC ¶¶ 18–19. It next asserts that Defendants violated Latta's Equal Protection and Due Process rights under 42 U.S.C. §1981 and 42 U.S.C. §1983 by threatening to sue Latta if she did not withdraw her counterclaims and defenses in the Underlying Action, and later, her appeal of the Underlying Action. *See* FAC ¶¶ 20–29. The FAC also sets forth three counts entitled (1) "Retaliation N.J.S.A. 10:5-1 et seq.," (2) "In Violation of United States Constitution Section 1, Amendment XIV Denial of Equal Protection and Due Process of the Laws," and (3) "In Violation of Antitrust Laws, Fraud Concealment; and

---

[7] Because Latta is proceeding *pro se*, the Court would normally construe the pleadings liberally and hold her to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even then, the "Court need not . . . credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010). But the Amended Complaint was filed by counsel before Latta started representing herself. Thus, the ordinary deference to a *pro se* pleading is not applicable.

In Violation of Rule 23 of Federal Rules of Civil Procedure, Fed. R. Civ. P. 23(A)(1)-(4) or 23(B)(2) or (B)(3) and Section One of the Sherman Act, 15 U.S.C. §1." FAC ¶¶ 30–48.

Defendants first argue that this Court lacks subject-matter jurisdiction over this action under Federal Rule 12(b)(1) based on the *Rooker-Feldman* doctrine. Def. Br. at 12-16. Defendants then argue that any claims based on Latta's allegation that the Order was fraudulently entered should be dismissed because Latta judicially admitted that the Order was valid and not fraudulently entered. Def. Br. at 17-19. Next, Defendants argue that Latta is precluded from relitigating (i) whether TLF lacked standing, a valid assignment, or ownership of the tax sale certificate; and (ii) whether Defendants fraudulently entered the Order. Def. Br. at 19–26. Defendants also assert that Plaintiff fails to state a plausible claim as to each alleged cause of action. Def. Br. at 26–36. Lastly, Defendants argue that the litigation privilege provides Defendants absolute immunity from the state law claims for their alleged threats. Def. Br. at 37–39. The Court addresses the plausibility of Plaintiff's federal claims and finds that Plaintiff does not plausibly plead a violation as to any of the claims.[8] The Court further finds that it would be futile for Plaintiff to attempt to amend any of her federal claims. Accordingly, the Court will dismiss Plaintiff's federal claims with prejudice,[9] and declines to reach the merits of the state claims or the arguments as to *Rooker-Feldman*, issue preclusion, and judicial admission.

---

[8] A case implicates a federal question if "a well-pleaded complaint establishes that either federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Franchise Tax Bd. Of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983).

[9] Because a federal question is not plausibly pled, the only possible subject matter jurisdiction that may be established is diversity jurisdiction under 28 U.S.C. § 1332(a). To assert diversity jurisdiction as a basis of federal subject matter jurisdiction, there must be complete diversity of the parties and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). If any defendant is a citizen of the same state as any plaintiff, diversity cannot exist. *Schneller ex rel. Schneller v.*

**A. Failure to State a Claim**

Defendants argue that Plaintiff fails to assert a *prima facie* claim for any cause of action. The Court addresses each claim in turn.

**1. Fourteenth Amendment and 42 U.S.C. § 1983 Claims**

Latta asserts that Defendants violated 42 U.S.C. § 1983 when they "threaten[ed] to sue [her] for her claims of fraud and bid-rigging in her Answer." FAC ¶ 26. She also alleges that Defendants denied her equal protection and due process in violation of the Fourteenth Amendment when they "falsif[ied] a Court Order" to foreclose on her home and "continued to bully [her] to withdraw her claims of fraud." FAC ¶ 35. The Fourteenth Amendment of the Constitution provides in relevant part that "No State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. "Because the Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'" *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982). The Fourteenth Amendment's state action requirement likewise applies to any claim brought under 42 U.S.C. § 1983. *See Downey v. Coalition Against Rape and Abuse, Inc.*, 143 F. Supp. 2d 423, 437 (D.N.J. 2001), *aff'd*, 142 F. App'x 645 (3d Cir. 2005) (citing *Lugar v. Edmondson Oil Co.*. 457 U.S. 922, 935 (1982) ("[I]f a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, the conduct also constitutes action 'under color of state law' for § 1983 purposes."). Where the complaint only alleges that private misconduct caused the deprivation at issue, the federal claim fails because the Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or

---

*Crozer Chester Med. Ctr.*, 387 Fed. Appx. 289, 292 (3d Cir. 2010). Plaintiff does not allege diversity jurisdiction, and according to the FAC, the parties all appear to be New Jersey residents. FAC ¶¶ 3–4.

9

wrongful." *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) (citations omitted); *see also Great W. Mining*, 615 F.3d at 175–76 ("To prevail on a § 1983 claim, a plaintiff must allege that the defendant acted under color of state law, in other words, that there was state action.").

Where constitutional claims are brought against an attorney, a plaintiff "must show (1) that the attorney defendants' acts were 'the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the state is responsible' and (2) that the attorney defendants may be fairly said to be state actors." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (citation omitted). A defendant may be found to be a state actor when "(1) he is a state official, (2) 'he has acted together with or has obtained significant aid from state officials,' or (3) his conduct is, by its nature, chargeable to the state)." *Id.* (citations omitted). However, "[a]ttorneys performing their traditional functions are not considered state actors." *Id.* (citations omitted). Here, Defendants were private attorneys representing a private company in a tax sale foreclosure action, and Latta has not alleged sufficient facts to support a reasonable inference that their actions are "fairly attributable" to the state. Thus, Latta's Fourteenth Amendment and 42 U.S.C. § 1983 claims are dismissed.

### 2. 42 U.S.C. § 1981

Latta next asserts, in support of her Section 1981 claim, that "[i]n 2020, [D]efendants threatened [to sue] [P]laintiff again, if she didn't dismiss her Appeal for the fraudulent Order claim filed in the Appellate Division." FAC ¶ 20. Section 1981 "proscribe[s] discrimination in the making or enforcement of contracts against, or in favor of, any race." *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 295 (1976). To adequately plead a Section 1981 claim, a plaintiff must "allege facts in support of the following elements: (1) that plaintiff is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning

one or more activities enumerated in the statute[,] which includes the right to make and enforce contracts." *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) (citation omitted).

Here, Latta fails to allege any facts pertaining to a contract or contractual relationship with Defendants. In addition, the FAC fails to allege any facts that would allow the Court to infer discriminatory intent. Latta merely states that she is a "of African-American ancestry," and makes the conclusory allegation that "Defendants intentionally violated [her] right to enjoy equal protection under the law based on [her] race." FAC ¶¶ 3, 15, 22. While Latta is "not required to prove discriminatory intent at the motion to dismiss stage," these allegations alone do not "raise a reasonable expectation that discovery will reveal evidence of [it]." *Bagic v. Univ. of Pittsburgh*, 773 F. App'x 84, 87 (3d Cir. 2019) (citation omitted). Therefore, Latta's 42 U.S.C. § 1981 claims are dismissed.

### 3. The Sherman Act, 15 U.S.C. § 1

Latta also asserts a violation of Section One of the Sherman Act. *See* FAC at 10. Section One of the Sherman Act prohibits "contracts, combinations, or conspiracies 'in restraint of trade.'" *City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 257 (3d Cir. 1998) (citing 15 U.S.C. § 1). When a Section One claim is brought, a court will run a "rule of reason" analysis or "per se" analysis to form a judgment about the competitive significance of the restraint. *Nat'l Soc'y of Prof. Eng'rs v. U.S.*, 435 U.S. 679, 692 (1978). The "per se" analysis only applies to "agreements whose nature and necessary effect are so plainly anticompetitive that no elaborate study of the industry is needed to establish their illegality." *Id.* Under the "rule of reason" test, a plaintiff must prove

> (1) that the defendants contracted, combined, or conspired among each other; (2) that the combination or conspiracy produced adverse, anti-competitive effects within relevant product and geographic markets; (3) that the objects of and the conduct pursuant to that

11

>contract or conspiracy were illegal; and (4) that the plaintiffs were injured as a proximate result of that conspiracy.

*Tunis Bros. Co. v. Ford Motor Co.*, 952 F.2d 715, 722 (3d. Cir. 1991) (citation omitted).

Here, Latta does not set forth any factual allegations that allow the Court to reasonably infer that Defendants contracted, combined, or conspired among each other, and produced adverse, anti-competitive effects or restraints on trade. Accordingly, any claims brought under Section One of the Sherman Act are dismissed.[10]

### 4. False Claims Act[11]

The FAC also alleges violations of the False Claims Act. *See* FAC at 5–6. In enacting the False Claims Act, Congress intended to "broadly [] protect funds and property of the government from fraudulent claims." *Rainwater v. U.S.*, 356 U.S. 590, 592 (1958). Under the Act, a plaintiff must prove that "(1) the defendant presented or caused to be presented to an agent of the United States a claim for payment; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false or fraudulent." *Hutchins v. Wilentz, Goldman & Spitzer*, 253 F.3d 176, 182 (3d Cir. 2001) (citation omitted). Here, Latta makes no such allegations. Instead, Plaintiff's claims stem from Defendants' alleged conduct in relation to a civil lawsuit that they pursued on behalf of a private client. Therefore, any claims brought pursuant to the False Claims Act are dismissed.

---

[10] Count Three of the FAC is styled as a "Violation of Antitrust Laws . . . and Section One of the Sherman Act, 15 U.S.C. § 1." *See* FAC at 10. Because Plaintiff does not cite to any "Antitrust Laws" other than Section One of the Sherman Act, nor does Plaintiff state any facts sufficient to infer that additional antitrust claims are alleged, any purported antitrust claim beyond Section One of the Sherman Act lacks support and is likewise dismissed.

[11] Plaintiff's FAC references "Article 51 False Claims Act" and "False Claim Act[] §1-607 and 1-608." *See, e.g.*, FAC ¶¶ 7, 19. These appear to be misguided references to North Carolina's False Claims Act, which is codified at Article 51 of the North Carolina General Statutes and includes the referenced section numbers. *See* N.C. Gen. Stat. §§1-607, 1-608. The Court therefore considers the merits of Plaintiff's claims pursuant to the federal False Claims Act, 31 U.S.C. § 3729.

### 5. Federal Rule of Civil Procedure 23

Latta also alleges a "violation of Rule 23 of the Federal Rules of Civil Procedure." Rule 23 establishes the procedural requirements for brining class action lawsuits. *See* Fed. R. Civ. P. 23. "The Federal Rules . . . do not 'create any private, federal cause of action.'" *Madden v. Phila. Parking Auth.*, No. 09-5864, 2010 WL 2431832, at *1 (citations omitted). Accordingly, Latta cannot rely on Rule 23 to establish a cause of action. Further, the Court sees no connection between Latta's claims and Rule 23, as this action is only brought on behalf of herself. Accordingly, any claims for a purported violation of Rule 23 of the Federal Rules of Civil Procedure are dismissed.

### 6. Supplemental Jurisdiction Over Remaining Claims

A federal court must have either federal question or diversity jurisdiction to adjudicate a case. 28 U.S.C. §§ 1331, 1332; *see also Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011). Here, Latta maintains that this Court has federal question jurisdiction pursuant to 28 U.S.C. §1331. FAC ¶ 1. While not explicitly stated in the Complaint, federal question jurisdiction arises through Plaintiff's Fourteenth Amendment, Section 1983, Section 1981, Sherman Act, and False Claims Act claims. *See Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 406 (3d Cir. 2021) (citation omitted) ("Under the well-pleaded-complaint rule, 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"). Thus, this Court has supplemental jurisdiction over Latta's state law claims pursuant to 28 U.S.C. § 1367(a). *See* 28 U.S.C. § 1367(a) (explaining that a court has supplemental jurisdiction over "other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"). However, Section 1367(c), provides that a "district court[ ] may decline to exercise supplemental jurisdiction over a claim" if "the district court has

dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Thus, district courts have discretion to decline to hear state law claims that they would otherwise have supplemental jurisdiction to entertain pursuant to 28 U.S.C. §1367(a).

The Third Circuit has determined that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of West Mifflin v. Lancaster*, 45 F.3d 730, 788 (3d Cir. 1995) (citations omitted). Moreover, district courts generally decline to exercise supplemental jurisdiction after dismissing all original jurisdiction claims early in the proceedings. *See, e.g.*, *Payne v. CareOne, LLC*, No. 17-2660, 2017 WL 4618752, at *2-3 (D.N.J. Oct. 13, 2017) (declining to exercise supplemental jurisdiction over state claims because federal claims were dismissed before an initial scheduling conference).

Here, the Court has dismissed all claims over which it has original jurisdiction. As a result, Latta's remaining state claims include a purported "retaliation" claim based on the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq., and "fraud concealment" claim. *See* FAC ¶¶ 30-33, 39-48.[12] After considering the concerns of judicial economy, convenience, and fairness, the Court declines to exercise supplemental jurisdiction over Latta's state law claims.

V.   **CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss, D.E. 22, is **GRANTED** and Plaintiff's FAC, D.E. 3, is dismissed in its entirety. A district court may dismiss with prejudice, denying leave to amend, only if (a) the moving party's delay in seeking amendment is undue,

---

[12] Plaintiff's "fraud concealment" claim is grouped together with its alleged violations of the Sherman Act and Rule 23 of the Federal Rules of Civil Procedure. *See* FAC at ¶¶ 39-48.

motivated by bad faith, or prejudicial to the non-moving party; or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984)).  The Court does not see any way in which Plaintiff will be able to bring plausible federal claims or otherwise invoke the Court's subject-matter jurisdiction.  As a result, all federal claims are dismissed with prejudice.  All state claims are dismissed without prejudice.  An appropriate Order accompanies this Opinion.

Dated: November 21, 2022

_____
John Michael Vazquez, U.S.D.J.